IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:10cr125-WHA |
| | ) | |
| RODNEY EDWARD THOMPSON | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is the defendant's motion to dismiss the indictment (doc. # 17) filed on August 4, 2010. The defendant is charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Relying on *District of Columbia v. Heller*, ___ U.S. ___, 128 S.Ct. 2783 (2008), Thompson claims that the indictment should be dismissed because § 922(g)(1) fails to differentiate between recent convictions, very old convictions, serious violent felonies, and non-violent or simple felonies. However, McGee recognizes that his argument is foreclosed by *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) in which the court held "statutory restrictions of firearm possession, such as 18 U.S.C. § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. [The defendant] by virtue of his felony conviction, falls within such a class." *Id*. at 771. Consequently, the motion to dismiss the indictment is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss (doc. # 17) be DENIED. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 8, 2010.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of August, 2010.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE