IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CR. NO. 2:10cr125-WHA |
| RODNEY EDWARD THOMPSON | ) | |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #43), recommending that the Defendant's Motion to Suppress be denied, together with Defendant's Objections thereto (Doc. #45).

The facts of this case are fully set out in the Magistrate Judge's Report and Recommendation.  In summary, the motion seeks to suppress all items seized and statements obtained as a result of a police stop and search of the Defendant's car without a warrant, contending that the stop, seizure and search were not supported by reasonable suspicion and probable cause.

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and thereafter entered his Report and Recommendation.  In accordance with the law of this Circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing, and fully considering the objections submitted by the Defendant.  *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings.  *United States v. Raddatz*, 447 U.S. 667, 680 (1980).  "Credibility

findings of a magistrate judge, 'who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence.'" *U.S. v. Jennings,* 491 F. Supp. 2d 1072, 1075 (M.D. Ala. 2007) (quoting *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D. Del.1984)).

The objections will be addressed in order.

**<u>Objection No. 1</u>**.

The Defendant objects to the Magistrate Judge's characterization, in footnote 2 of the Recommendation, of defense counsel's statements at Tr. 66-67 as "the defense counsel acknowledged that the facts did not support" his contention that the stop was unreasonable because it was based on an unconfirmed anonymous tip.  Even though the Magistrate Judge did not base his Recommendation on a finding that the Defendant conceded that the facts did not support a finding of unreasonableness based on an anonymous tip, this statement should not be taken as a concession that facts did not support all arguments based on anonymous tips.  During a lengthy colloquy on this issue, defense counsel later said, in referring to people on the scene, "I would submit to the court that they should be treated as anonymous tipsters . . . ." (Tr. at 68), while saying later, "I understand that -- that it's not your typical anonymous tip case, though." (Tr. at 70).  Since the footnote does tend to confuse somewhat the basis of the Recommendation, the court will not consider it, and Objection No. 1 is SUSTAINED.

**<u>Objection No. 2</u>**.

Defendant objects to footnote 3 of the Recommendation to the effect that Officer Capps could have stopped the Defendant for a traffic violation, as being irrelevant, since the Defendant

was not stopped for a traffic violation.  The court does not disagree with the Magistrate Judge's

conclusion in the footnote, but since that did not form a basis for the Magistrate Judge's ultimate

recommendation, the court will not consider the footnote.  Therefore, Objection No. 2 is

OVERRULED as moot.


#### Objection No. 3.

The Defendant "objects to the Magistrate Judge's ruling that the initial stop of Mr.

Thompson's car was supported by reasonable suspicion, when it is based on unexplained

technology and information provided from anonymous tipsters."  Defendant relies, as he did

before the Magistrate Judge, on the case of *Florida v. J.L.*, 529 U.S. 266 (2000).  The court

agrees with the reasoning of the Magistrate Judge that this reliance is misplaced, and that this

argument is without merit.  The court further finds that the cases of *United States v. Lindsay*, 482

F.3d 1285 (11th Cir. 2007) and *Alabama v. White*, 496 U.S. 325 (1990) do not support the

Defendant's proposition that the officers lacked reasonable suspicion.  The most recent 11th

Circuit case, relied on by the Magistrate Judge, *United States v. Williams*, 619 F.3d 1269 (11th

Cir. 2010) is more directly on point with the facts of this case than *Lindsay* or *J.L.*, and fully

supports the finding of the Magistrate Judge.   The court agrees with the Magistrate Judge's

finding of reasonable suspicion, for the reasons explained fully in the Report and

Recommendation.

Objection No. 3 is OVERRULED.


#### Objection No. 4.

Finally, the Defendant objects to the Magistrate Judge's conclusion that there was probable cause to stop and to search the car after the Defendant was stopped. The crux of the Defendant's argument in this regard is that the court should find that Officer Capps was not credible and should not rely, as the Magistrate Judge did, on his testimony, but should rely on Trainee Officer Thomas' testimony instead.

The Magistrate Judge discussed this argument in his Report and Recommendation and explained his credibility determination (Rec. at 7), concluding that "[a]fter careful consideration of the evidence as a whole, the court concludes that the discrepancies between the two officers does not compromise the integrity of Capps' testimony about the gun." The court has reviewed the testimony of the two officers. The Magistrate Judge, of course, heard this testimony and observed the witnesses at the time it was given. *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record. *Jeffrey S.*, 896 F.2d at 513. If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript, which this court has done. *Id.* Having done that, the court makes an independent factual determination, finds no reason to require a new hearing of witness testimony, and finds no reason to question the Magistrate Judge's assessment of the evidence. The court accepts the Magistrate Judge's credibility assessments, and determines Officer Capps' testimony that he saw the gun in the car in plain view to be credible.

Objection No. 4 is OVERRULED.

**CONCLUSION**

4

For the reasons stated above:

1. Objections 1 is SUSTAINED.

2. Objection 2 is OVERRULED as moot.

3. Objections 3 and 4 are OVERRULED.

4. The court adopts the Recommendation of the Magistrate Judge, with the exception of footnote 2.

5. The Defendant's Motion to Suppress is DENIED.

DONE this 8th day April, 2011.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE