IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,      )
                                        )
v.                              )        CIVIL ACTION NO. 2:10cr125-WHA
                                          )
RODNEY EDWARD THOMPSON      )

**<u>MEMORANDUM OPINION AND ORDER</u>**

I.  BACKGROUND

This cause is before the court on a Motion to Dismiss (Doc. #66),  filed by Defendant Rodney Thompson ("Thompson") on September 7, 2011.

Thompson was convicted of first degree assault in the Circuit Court of Montgomery County, Alabama in March, 1994.  In 2006, Thompson applied to the State of Alabama for a restoration of civil rights. Thompson received a letter from the State of Alabama Board of Pardons and Parole on January 10, 2006.  That letter stated that enclosed is a certificate of restoration of voter registration rights.  Doc. #36-1.  The Certificate attached to the letter is entitled "CERTIFICATE OF RESTORATION OF VOTER REGISTRATION RIGHTS," and states that it is "ORDERED THAT THE RIGHTS AS AN ELECTOR THAT WERE FORFEITED AS A RESULT OF AFORESAID CONVICTION(S) BE AND THEY ARE HEREBY RESTORED." *Id.*  at p.2.  The certificate also states that it "IS NOT A PARDON AND DOES NOT RESTORE, REMOVE OR ADDRESS ANY OTHER RIGHTS, PRIVILEGES OR REQUIREMENTS." *Id.*  A separate letter, dated January 13, 2006, from the State of Alabama Board of Pardons and Paroles states that "This certificate serves ONLY the function of allowing you to register to vote, and addresses no other right or function.  If you

desire to have any additional rights restored, please inquire at your local probation and parole office." *Id.* at p.3.

In September 2009, Defendant was arrested by the Montgomery Police Department while in possession of a firearm.  In July 2010, a federal grand jury charged Thompson in a one count indictment with violation of 18 U.S.C. § 922(g)(1).

Thompson filed a Motion to Dismiss in the instant case in August 2010, on the grounds that 18 U.S.C. § 922 (g) is unconstitutional as applied in his case.   Thompson also filed a Motion to Suppress.   The motions were denied on September 13, 2010 and April 8, 2011, respectively.  *See* Doc. ## 26, 46.  On November 5, 2010, Thompson addressed in a brief the issue that his civil rights had been restored by the State of Alabama after he completed his sentence for his 1994 state court conviction.  The Government responded to that brief on November 10, 2010, and Thompson replied on November 14, 2010.  There was no accompanying motion, and, therefore, no action was taken by the court on the issue at that time.

On May 2, 2011, Thompson pled guilty to the one count indictment and was subsequently set for sentencing.

At the request of Defense counsel, the court held a status conference with attorneys for the Defendant and for the Government about the issue of Thompson's restoration of rights. Counsel for both parties agreed that a new Motion to Dismiss the Indictment was the best procedural mechanism for obtaining a ruling from the court on the issue.

The new Motion to Dismiss on the grounds of restoration of rights is now pending before the court on the briefs filed earlier by Thompson and the Government.

## II. DISCUSSION

Federal law makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm."  18 U.S.C. § 922(g)(1).   However, 18 U.S.C. § 921(a)(20) states in part that:

> Any conviction which has been expunged, or set aside, or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Thompson has argued that the text of 18 U.S.C. § 921(a)(20) precludes his conviction pursuant to 18 U.S.C. § 922, so that the indictment in this case must be dismissed.  Specifically, Thompson argues that he "had civil rights restored," within the meaning of 18 U.S.C. § 921(a)(20), when his voting rights were restored by the State of Alabama.  Thompson bases his textual argument on the fact that "voting rights" is plural.  Thompson also argues that the rule of lenity supports his interpretation of the statute.

The Government takes the position that the restoration of only voting rights is not sufficient to satisfy 18 U.S.C. § 921 (a)(20).

The Eleventh Circuit has yet to answer the question of what civil rights must be restored to satisfy 18 U.S.C. § 921(a)(20).  *See United States v. Nix*, 438 F.3d 1284, 1287 (11th Cir. 2006) (stating "[n]or does [this case] require us to decide if all civil rights must be restored or merely some of them, and if only some, which ones, in order for § 921(a)(20) to preclude a convicted felon's prosecution under § 922(g)(1).").  The Eleventh Circuit, however, has cited with approval

cases stating that the three main civil rights § 921(a)(20) refers to are (1) the right to vote, (2) the right to serve on a jury, and (3) the right to hold public office.  *Id.*

Thompson points to *United States v. Caron*, 77 F.3d 1, 6 (1st Cir. 1996), *cert. denied*, 518 U.S. 1027 (1996), as supporting his statutory interpretation.  That case, however, is readily distinguishable from this case, because in *Caron* the defendant only lost two of the above-enumerated civil rights upon his conviction, and retained his right to vote.  *Id.* at 6.  When his rights were restored, therefore, all of the rights which had been forfeited were restored.  The court expressly stated that it left "till another day the question of whether, when *one* civil right is restored" the same answer would prevail.  *Id.*  (emphasis in original).

Other courts addressing the issue have concluded that voting rights, the right to hold public office, and the right to serve on a jury all must be restored to satisfy § 921(a)(20).  *See, e.g.*, *United States v. Cassidy*, 899 F.2d 543 (6th Cir. 1990).  The reasoning of the court in *Cassidy* was that the right to serve on a jury, to seek and hold office, and to vote must all be restored to satisfy § 921(a)(20) because "the general intent of Congress to redirect enforcement efforts against firearms owners that have a demonstrated potential for serious unlawful activity," means that "Congress envisioned a restoration of more than a de minimus quantity of civil rights."  *Id.* at 549.

The Fifth Circuit has adopted an approach whereby it considers first whether civil rights restoration was sufficient to meet the requirements of §921(a)(20), and then whether the defendant was nevertheless expressly deprived of the right to posses a firearm.  *United States v. Chenowith*, 459 F.3d 635, 637 (5th Cir. 2006).   In conducting the first inquiry, the only inquiry at issue in the instant case as well, the court asks whether "essentially all civil rights" were

restored.  *Id.*   Under that standard, the Fifth Circuit looks to whether a state makes a generalized declaration that the defendant has full rights of citizenship or whether the state restores "the three key rights–the right to vote, the right to hold public office, and the right to serve on a jury. . . ." *United States v. Dupaquier*, 74 F.3d 615, 618 (5th Cir. 1996).  The Fifth Circuit has concluded that a defendant to whom only the right to vote has been restored does not fall within §921(a)(20).  *See United States v. Huff*, 370 F.3d. 454, 460 (5th Cir. 2004).

Upon a review of the authorities which have addressed the issue, it appears that there is no court which has concluded that "has had civil rights restored" is satisfied when a defendant has forfeited the rights to vote, hold public office, and to serve on a jury, and only one of those rights is restored.

The court is persuaded that the rights referred to in §921 (a)(20) are the three key civil rights--the right to vote, to hold public office, and to serve on a jury--acknowledged by the Eleventh Circuit in *Nix*.  The plain language of the statute, and the reading of this language by other courts, requires that more than one of those key rights be restored.   Therefore, under the plain language of the statute, § 921(a)(20) does not apply when only voting rights are restored, even though there may be multiple attendant rights attached to the key right of the right to vote. The court further concludes that the rule of lenity does not compel the result urged by Thompson. *See Caron v. U.S.*, 524 U.S. 308, 316 (1998) (stating that the rule of lenity does not apply if the ambiguous reading relied on is an implausible reading of the congressional purpose).

### III. CONCLUSION

For the reasons discussed, the Motion to Dismiss (Doc. #66) is hereby ORDERED DENIED.

DONE this 14th day of September, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE