**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN  DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:10cr125-WHA** |
| | ) | |
| **RODNEY EDWARD THOMPSON** | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, in the forfeiture allegation of the indictment  in the above case, the United States sought forfeiture of specific property,

Accordingly, it is ORDERED that the government's motion for a preliminary order of forfeiture (Doc. #56) is granted as follows:

1.      As a result of the guilty plea on Count 1 of the indictment, for which the United States sought forfeiture pursuant to Title 18, United States Code, Section 924(d)  and Title 28, United States Code, Section 2461(c), the defendant shall forfeit to the United States: all firearms and ammunition involved in the commission of the violation of  Title 18, United States Code, Section 922(g)(1).

2.      The Court has determined that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)  and Title 28, United States Code, Section 2461(c); that the defendant has an interest in such property; and, that the United States has established the requisite nexus between such property and such offense:  **an RG Industries, model RG39, .38 caliber revolver, bearing serial number X036017.**

3.      Upon the entry of this Order, the United States Attorney General is authorized to seize the above-listed property and  conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance  with Federal Rule of Criminal

Procedure 32.2(b)(3).

4.      Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.      The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6.      Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 28, United States Code, Section  2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment in a criminal case.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

8.      Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the

petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

9.      After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.      The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

11.      The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

12.      IT IS FURTHER ORDERED that the Clerk of the Court shall note entry of this Order in writing on the Judgment in a Criminal Case and forward two certified copies of this Order to the United States Attorney's Office.

SO ORDERED this the 26th day of October, 2011.


/s/ W. Harold Albritton                          
SENIOR UNITED STATES DISTRICT JUDGE